## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 31 2015, 9:27 am

*Kevin S. Smith*

**CLERK**

of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# I N   T H E
# COURT OF APPEALS OF INDIANA

Sylvester Dunn,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

March 31, 2015

Court of Appeals Case No.
49A05-1407-CR-327

Appeal from the Marion Superior Court.
The Honorable Helen Marchal, Judge.
The Honorable Stanley E. Kroh, Magistrate.
Cause No. 49G16-1404-CM-17558

**Baker, Judge.**

[1] Sylvester Dunn appeals his conviction for Battery, a Class B misdemeanor.[1] Dunn argues that the State provided insufficient evidence to disprove his self-defense argument. Finding that a reasonable fact-finder could find Dunn guilty of battery based on the evidence presented, we affirm.

## Facts

[2] On March 17, 2014, at or around 4.30 a.m., Dunn drove to his home after getting off work. On arriving home, he found Lisa Day parked outside his house, waiting inside her vehicle. At the time, Day and Dunn were romantically involved. Dunn had agreed to rendezvous with Day earlier, but he had failed to show. Knowing she would be angry with him, Dunn did not stop at his house. Instead, he drove to a gas station a few blocks away. Day followed him in her vehicle.

[3] On arriving at the station, Dunn and Day pulled up to different pumps. Dunn opened his driver side door, and Day stood in front of the door, refusing to move. An argument ensued, and Day shoved an open hand into Dunn's face. In response, Dunn pushed Day to the pavement. Dunn then entered his vehicle and closed the door. At that moment, Day kicked the rear of Dunn's vehicle. In response to the kick, Dunn exited the vehicle and Day retreated to her own vehicle. Dunn chased after Day and grabbed by her shirt, holding her against the side of her vehicle. He told Day: "[g]et [your] ass home, leave me the fuck

---

[1] Indiana Code § 35-42-2-1(b).

alone." Tr. p. 21. Dunn then released his grip on Day's shirt, returned to his vehicle, and drove away. Day called the police.

[4] On April 10, 2014, Dunn was charged with Battery, a Class A misdemeanor.[2] On June 24, 2014, after a bench trial, Dunn was convicted of the lessor included offense of battery, a class B misdemeanor. The trial court found that Dunn was acting in self-defense when he pushed Day to the pavement, but it concluded that Dunn did not act in self-defense when he chased Day down and held her against her vehicle. Dunn was sentenced to eight days in jail with time served. Dunn now appeals his conviction.

# Discussion and Decision

[5] When reviewing a challenge to the sufficiency of the evidence supporting a conviction, this Court neither reweighs the evidence nor judges the credibility of the witnesses. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). Instead, "we must consider only the probative evidence and reasonable inferences supporting the verdict." *McHenry v. State*, 820 N.E. 2d 124, 126 (Ind. 2005). "If there is sufficient evidence of probative value to support the conclusion of the trier-of-fact, then the verdict will not be disturbed." *Pinkston v. State*, 821 N.E.2d 830, 841-42 (Ind. Ct. App. 2004).

---

[2] Ind. Code § 35-42-2-1(c).

During trial, Dunn raised a claim of self-defense. Indiana Code section 35-41-3-2(d) provides:

> A person:
>
> (1) is justified in using reasonable force, including deadly force, against any other person; and
>
> (2) does not have a duty to retreat;
>
> if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

Thus, a defendant claiming self-defense must show that he was using force that he reasonably believed to be necessary to prevent or terminate an attack on his dwelling, curtilage, or occupied motor vehicle.[3] *Id.*; *See also Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014), *trans. pending* (when a defendant is claiming self-defense in a case that does not involve deadly force, the defendant must only show that which is required by statute in order to prove self-defense). Once self-defense is raised as a claim, the State has the burden of negating at least one of the necessary elements of self-defense. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). Dunn claims that the State failed to negate the reasonable belief factor for his claim of self-defense.

In *Wilson*, our Supreme Court held that an attack was unlikely made in self-defense when the attack occurred after the aggressor was "attempting to leave

---

[3] This standard differs from the standard applied to self-defense when deadly force is used. When deadly force is used, the defendant must also show that he: "(1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm." *Wilson*, 770 N.E.2d at 800.

the area." *Id.* at 801. Instead, such an attack gave rise to an inference that the defendant "was retaliating for the initial assault." *Id.* Here, the trial court found that Dunn did not act in self-defense because Day "was retreating" when he grabbed her and held her against her vehicle. Tr. p. 29. Specifically, because Day was retreating, the trial court found that Dunn could not reasonably have believed that the force he used was necessary to prevent or terminate Day's harm to the motor vehicle. *Id.* Additionally, Day had already ceased her attack on the vehicle before being chased down by Dunn. The inferences and conclusions drawn by the trial court negated the reasonable belief element necessary for a claim of self-defense.

[8] We cannot conclude that the trial court erred in drawing its conclusion. Thus, we find that the evidence was sufficient to support Dunn's conviction.

[9] Accordingly, the judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.